1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                      * * *

6    ROGER A. LIBBY,                          Case No. 3:24-cv-00539-MMD-CSD

7                            Plaintiff,                    ORDER

8          v.

     CITY OF CARSON,
9

                             Defendant.
10

11   **I.     SUMMARY**

12         Pro se Plaintiff Roger Libby, who is in the custody of the Nevada Department of

13   Corrections, sues the City of Carson under 42 U.S.C. § 1983 for alleged constitution

14   violations arising from the Nevada Legislature's enactment of certain criminal statutes

15   that led to his criminal conviction. (ECF No. 6 ("Complaint").) Before the Court is the

16   Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney

17   (ECF No. 24), recommending that the Court dismiss the Complaint with prejudice and

18   deny Defendant's motion to dismiss (ECF No. 11) as moot. Plaintiff filed an objection

19   (ECF No. 25 ("Objection")), and Defendant filed a response and an errata (ECF Nos. 26,

20   27.) For the reasons discussed below, the Court agrees with the Magistrate Judge and

21   will adopt the R&R in full.

22   **II.    DISCUSION**

23         The Magistrate Judge recommends dismissing Plaintiff's claims with prejudice

24   because Plaintiff fails to state a claim for relief against Defendant and because Plaintiff's

25   claims are barred by issue preclusion. (ECF No. 24 at 6-9.) The Court agrees the

26   Magistrate Judge but will only address the first ground because it is dispositive of

27   Plaintiff's claims.

28   ///

1    The Court "may accept, reject, or modify, in whole or in part, the findings or

2    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here,

3    a party timely objects to a magistrate judge's Report and Recommendation, the Court is

4    required to "make a de novo determination of those portions of the [report and

5    recommendation] to which objection is made." *Id.* The Court's review is thus de novo

6    because Plaintiff filed his Objection.[1]

7    Before addressing the R&R, the Court will clarify an issue raised in the Objection

8    relating to screening Plaintiff's Complaint. Plaintiff initiated this action by filing an

9    application to proceed in forma pauperis ("IFP"). (ECF No. 1.) The Magistrate Judge

10   issued a Report and Recommendation, recommending denial of Plaintiff's IPF application

11   based on the financial information provided. (ECF No. 3 at 2-3.) The Magistrate Judge

12   specifically indicated that "[o]nce Plaintiff pays the filing fee, the court will screen his

13   complaint pursuant to 28 U.S.C. § 1915A."[2] (*Id.* at 3.) The Court adopted the Magistrate

14   Judge's recommendation and denied Plaintiff's IFP application. (ECF No. 4.) Plaintiff paid

15   the filing fee. (ECF No. 5.) The Clerk of Court then docketed Plaintiff's Complaint and

16   issued summons. (ECF Nos. 6, 7.) However, because Plaintiff is an inmate, as the

17   Magistrate Judge noted, the Court must screen his Complaint under 28 U.S.C. § 1915A

18   "before docketing, if feasible or, in any event, as soon as practicable after docketing."[3] 28

19

20

21   [1]Plaintiff does not object to the Magistrate Judge's summary of the factual
22   allegations in the Complaint and the four claims for relief (ECF No. 24 at 3-6). The Court
     adopts the Magistrate Judge's summary of the factual allegations and will not repeat the
23   allegations and the claims in this order.

24   [2]Federal courts must conduct a preliminary screening in any case in which an
     incarcerated person seeks redress from a governmental entity or officer or employee of
25   a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify
     any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
26   claim upon which relief may be granted. *See id.* §§ 1915A(b)(1), (2).

27
     [3]Defendant points out the screening requirement in its motion to dismiss. (ECF No.
28   11 at 2-3.) In his Objection, Plaintiff contends that the case had been screened. (ECF No.
     25 at 6-7.) However, as noted, the Court had not yet screened the Complaint.

1   U.S.C. § 1915A(a). Thus, the Magistrate Judge conducted this screening in the R&R.

2   (ECF No. 24.)

3          The Magistrate Judge correctly found that Plaintiff cannot state a claim against the

4   City of Carson for the Nevada Legislature's conduct. (ECF No. 24 at 6-7.) Plaintiff does

5   not dispute that the City of Carson is a municipality. As such, the City of Carson "may not

6   be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity

7   can be shown to be a moving force behind a violation of constitutional rights."[4] *Dougherty*

8   *v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs.*

9   *of the City of N.Y.*, 436 U.S. 658, 694 (1978)). However, Plaintiff seeks to hold the City of

10  Carson liable for alleged constitutional violations of the Nevada Legislature based on its

11  enactment of criminal statutes that led to Plaintiff's conviction in Humboldt County,

12  Nevada. (ECF No. 24 at 6.) Plaintiff's Objection focuses on the actions of the Nevada

13  Legislature, including its "final policy making authority to establish state law." (ECF No.

14  25 at 4.) But that authority has nothing to do with the City of Carson. Even accepting

15  Plaintiff's allegations as true, Plaintiff cannot legally state a claim against the City of

16  Carson for the Nevada Legislature's legislative actions. The Court thus agrees with the

17  Magistrate Judge that the Complaint should be dismissed with prejudice because

18  amendment would be futile.

19  **III.    CONCLUSION**

20         The Court notes that Plaintiff made several arguments and cited to several cases

21  not discussed above. The Court has reviewed these arguments and cases and

22  determines that they do not warrant discussion as they do not affect the outcome of the

23  issues before the Court.

24

25

26         [4]"In order to establish liability for governmental entities under *Monell*, a plaintiff
    must prove '(1) that [the plaintiff] possessed a constitutional right of which he was
27  deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate
    indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force
28  behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (quoting *Plumeau v. Sch.*
    *Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

1    It is therefore ordered that Judge Denney's Report and Recommendation (ECF

2    No. 24) is accepted and adopted in full.

3    It is further ordered that Plaintiff's objection (ECF No. 25) is overruled.

4    It is further ordered Defendant's motion to dismiss (ECF No. 11) is denied as moot.

5    The Clerk of Court is directed to enter judgment in accordance with this Order and

6    close this case.

7    DATED THIS 15th Day of December 2025.

8

9

10    _____
      MIRANDA M. DU
11    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28